**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**ABERDEEN SECURITIES CO., INC., et al., Defendants.**

**Claim of Matthew KRUVCZUK.**

**Civ. A. No. 4224.**

United States District Court,
D. Delaware,
Wilmington Division.

March 6, 1974.

I. Leonard Hoffman, Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot, Philadelphia, Pa., for Matthew Kruvczuk, claimant.

John Biggs, III, Biggs & Battaglia, Wilmington, Del., for Claude P. Hudson, trustee.

## MEMORANDUM AND ORDER

EDWIN D. STEEL, Jr., Senior District Judge:

The ledger sheet of Aberdeen Securities Co., Inc., ("Aberdeen") for the account of Matthew Kruvczuk, a customer, shows that on May 20, 1971, he had a credit balance of $946.00 and that on June 10, 1971, the company sent him a check for that amount. Aberdeen intended the check to be in full payment of Mr. Kruvczuk's credit balance. Mr. Kruvczuk never presented the check for payment or provided Aberdeen with any explanation why he continued to hold it. He has filed a claim with the trustee based upon the check, and alleges that he is a preferred creditor under the terms of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa et seq. The trustee has filed an objection to the claim which denies that Kruvczuk has any status other than that of a general creditor of the estate of the bankrupt. The objection that the claim was filed out of time has not been pressed.

 15 U.S.C. § 78fff(c)(2)(C) reads:

"The trustee shall return specifically identifiable property to the customers of the debtor, entitled thereto. No cash or securities at any time received, acquired, or held by or for the account of a debtor from or for the accounts of customers shall for the purposes of this paragraph be deemed to be specifically identified, unless such property remained in its identical form in the debtor's possession until the filing date, or unless such property was allocated to or physically set aside for such customers on the filing date."

While the expression "specifically identifiable property" suggests that it refers to physical property which can be specifically identified as belonging to a claimant, subsection (C) discloses that the expression was not intended to be so limited. It makes clear that it embraces property—including cash—which has been "allocated" to a customer on the filing date of the petition. The fact that Aberdeen received funds in the amount of $946.00 upon the sale of the 700 shares of Blue Mountain Mines stock held in Kruvczuk's account and credited his account in that amount justifies a finding that the funds were "allocated" to Kruvczuk at the time when the bankruptcy petition was filed. It was therefore "specifically identifiable property" which the trustee should return to him.

If for reasons not perceivable, the $946.00 with which Kruvczuk is credited on the books of Aberdeen should be determined not to be "specifically identifiable property" belonging to him, then the amount constitutes the "net equity" in his account as computed under 15 U.S.C. § 78fff(c)(2)(A)(iv) which states:

"'net equity' of a customer's account or accounts means the dollar amount thereof determined by giving effect to open contractual commitments completed as provided in subsection (d) of this section, by excluding any specifically identifiable property reclaimable by the customer, and by subtracting the indebtedness, if any, of the customer to the debtor from the sum which would have been owing by the debtor to the customer had the debtor liquidated, by sale or purchase on the filing date, all other securities and contractual commitments of the customer, . . . ."

The $946.00 must be discharged therefore by the trustee under 15 U.S.C. § 78fff(g) which provides:

> "It shall be the duty of the trustee to discharge promptly, in accordance with the provisions of this section, all obligations of the debtor to each of its customers relating to, or net equities based upon, securities or cash by the delivery of securities or the effecting of payments to such customer . . . insofar as such obligations are ascertainable from the books and records of the debtor. . . ."

 It is the contention of the trustee that the fact that Aberdeen's check for $946.00 was received by Kruvczuk, was held by him without being cashed or negotiated, without explanation of any kind being offered to the bankrupt, constitutes satisfaction of the trustee's obligation to him, or at least a waiver of his right to preferred payment. None of the authorities cited by the trustee so hold, and such a determination would be manifestly inequitable.

*Res judicata* is advanced by the trustee as an additional ground for objecting to the allowance of Kruvczuk's claim. This is based upon a report and award of arbitrators rendered on March 28, 1973, in the Common Pleas Court of Philadelphia, in an action begun by the claimant Kruvczuk against a number of parties of which Aberdeen was not one.*

The record in this proceeding is not sufficiently complete to support a *res judicata* defense. Nevertheless, it is apparent that the matter in issue was not what status Kruvczuk had as a claimant under the Securities Investor Protection Act of 1970.

The claim of Kruvczuk has the preferred status indicated in this memorandum and is not limited to that of a general creditor of the estate. The objection of the trustee to the claim is overruled.

So ordered.

---

\* The plaintiff in the arbitration proceeding was designated "Matthew Kruvizuk". The parties are in agreement that that plaintiff is the same as the claimant at bar.